**B & R THERAPY SERVICES, INC., Plaintiff/Appellant,**

v.

**COLONIAL HEALTH CARE CENTER, INC., and Colonial Pavillion, L.L.C., and Cedars Nursing Center, Inc., Cedars Health Care Centre, Ltd, d/b/a Cedars Health Care Center and Cedars Pavillion, L.L.C., Defendants/Respondents.**

No. ED 81639.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 27, 2003.

Edward C. Cody, St. Louis, MO, for appellant.

Stuart Mullgardt, II, Robert Hess, St. Louis, MO, for Colonial HealthCare & Cedars.

Leonard J. Frankel, St. Louis, MO, for Colonial Pavilion & Cedars.

WILLIAM H. CRANDALL, JR., Presiding Judge.

Plaintiff, B & R Therapy Services, Inc., appeals from the dismissal of its action for breach of contract or, in the alternative, for quantum meruit against defendants, Colonial Health Care Center, Inc., et al. We affirm.

Plaintiff filed the present action in St. Louis County, Missouri, against defendants, Colonial Health Care Center, Inc., and Colonial Pavillion. L.L.C., (hereinafter collectively referred to as the Colonial defendants), and Cedars Nursing Center, Inc., Cedars Health Care Centre, Ltd., d/b/a Cedars Health Care Center, and Cedars Pavillion, L.L.C. (hereinafter collectively referred to as the Cedars defendants). The Cedars defendants were the owners and operators of a nursing home located in Cedar Hills, Missouri (hereinafter Cedars) and the Colonial defendants owned and operated a nursing home located in University City, Missouri (hereinafter Colonial). Count I of plaintiff's petition was for breach of contract. In that count, plaintiff alleged that it entered into agreements with defendants to provide physical, occupational, and speech therapy (hereinafter services) to patients in the

Cedars and Colonial nursing homes at various times from 1990 through 1998 and that defendants refused to pay for these services. Plaintiff sought $149,831.77 from Cedars and $70,496.38 from Colonial for services performed at the respective nursing homes as of August 24, 1998, for a total of $220,328.15. Count II was for quantum meruit against the Cedar defendants and Count III was for quantum meruit against the Colonial defendants. In those counts, plaintiff sought the same amounts for a total of $220,328.15 on the basis that defendants were unjustly enriched by receiving the services without paying for them.

Defendants filed a motion to dismiss for lack of jurisdiction or, in the alternative, for change of venue. The motion alleged the following: Beginning in January 1996 Cedars Nursing Center, Inc. operated Cedars until July 31, 1998, when it abandoned Cedars. At that point the Missouri Department of Social Services, Division of Aging (hereinafter Department), brought an action in Cole County, Missouri, seeking the appointment of an emergency receiver under sections 198.099 through 198.136 RSMo 2000. In July 1998, Cedars Health Care Center, Ltd. was appointed receiver. Beginning in January 1996, Colonial Nursing Center, Inc. operated Colonial until August 4, 1998, when it abandoned Colonial. The Department brought an action in Cole County, seeking the appointment of an emergency receiver. The court appointed Colonial Health Care Center, Inc. as receiver. At the request of the receivers, Cedars Pavilion, L.L.C. operated Cedars until December 31, 1999 and Colonial Pavilion, L.L.C. operated Colonial until April 24, 1999. In September 1998, plaintiff filed applications to intervene in the Cole County receivership proceedings, seeking payment for services rendered to the patients of Cedars and Colonial. In the motion to intervene, plaintiff alleged that the receivers collected Medicare and Medicaid funds for services performed by it for the two nursing homes and that such funds were subject to the jurisdiction of the Circuit Court of Cole County. In August 1999, plaintiff dismissed its motion to intervene in the receivership proceedings. Plaintiff later brought the present action in October 2001 in St. Louis County. Defendants requested that the court dismiss plaintiff's petition and transfer the matter to Cole County on the grounds that the issues in the present action were identical to those in the action pending in Cole County and that the res which was the subject of the claims was under the control of the Circuit Court of Cole County. The trial court granted defendants' motion to dismiss plaintiff's action. Plaintiff appeals.

In its first point, plaintiff contends that the trial court erred in dismissing the entire petition because it did not dismiss as to defendant, Cedars Nursing Center, Inc. It argues that the court's failure to make a ruling with regard to one defendant meant that the judgment did not adjudicate all of the claims as to all parties, as required by Rule 74.01. This point is moot, however, because plaintiff dismissed Cedars Nursing Center, Inc. as a defendant after his appeal was filed. Plaintiff's first point is denied.

In its second point, plaintiff asserts that the trial court erred in dismissing its action because St. Louis County had jurisdiction to hear the case despite the pendency of the receivership proceedings in Cole County. Plaintiff relies on *Reed v. St. Louis & S.F.R. & Co.*, 277 Mo. 79, 209 S.W. 892 (1919), to support its position that the court in St. Louis County was not deprived of jurisdiction by the appointment of a receiver by the Cole County court.

We find, however, that *Reed* is not controlling. In contrast to *Reed*, the instant

action involved court-appointed receivers for nursing homes under specific statutes pertaining thereto. Sections 198.099 through 198.136. Section 198.105 authorized the court to appoint a receiver if it found the existence of any grounds as set forth in section 198.099; namely, if the operator was without a license or the license was revoked or revocation proceedings were initiated, the facility was closing, an emergency existed, or the operator or owner was insolvent. Section 198.112 set forth the powers and duties of the receivers appointed under the statutes to administer and manage nursing home property. One of the powers listed in section 198.112 and at issue in the present case was the ability of the receivers to honor all contracts entered into by the nursing home "but only to the extent of payments which [became] due or [were] for the use of the property during the period of the receivership." Section 198.112(10). Because plaintiff's petition raised issues regarding the payment of money due under contracts for services provided to the nursing homes, it would be necessary for the court to determine whether the receivers were authorized under the statutes to honor the contracts and to pay plaintiff for these services. Thus, jurisdiction of the present action was in Cole County Circuit Court, the court that appointed the receivers for the nursing homes pursuant to the applicable statutes. Plaintiff's second point is denied.

The judgment of the trial court is affirmed.[1]

SHERRI B. SULLIVAN and GLENN A. NORTON, JJ, Concur.

---

1. Defendants' motion to dismiss and for sanc-